UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO: |
| | : | 3:10-cv-987 (MRK) |
| v. | : | |
| | : | |
| SAMUEL KLEIN, | : | |
| | : | |
| Defendant. | : | NOVEMBER 18, 2010 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Bank of America, N.A. ("BOA"), through its undersigned counsel, respectfully submits this memorandum of law in support of its accompanying motion for summary judgment with respect to the claims set forth in BOA's first amended complaint dated August 24, 2010 (the "*Complaint*") against defendant, Samuel Klein ("Klein").

**I.  INTRODUCTION**

Agrippa, LLC ("Agrippa") is a Connecticut limited liability company and Klein is its sole member.  Klein guaranteed a $3.2 million loan made to Agrippa (the "Agrippa Loan").  The Agrippa Loan documents contain a "cross-default" clause establishing that, if Agrippa or Klein fail to perform under any *other* loan agreement, then the Agrippa Loan will also be considered to be in default.

As sole member of PLC Partners, LLC ("PLC"), a Wyoming limited liability company, Klein separately guaranteed a $1.35 million loan made to PLC (the "PLC Loan").  When PLC defaulted, BOA demanded that Klein, in accordance with his guaranty, pay the PLC Loan.  Klein

refused to do so.  Instead, PLC sued BOA in Wyoming claiming that PLC had fully performed and that the PLC Loan was actually *not* in default.[1]

Following trial, the United States District Court for the District of Wyoming entered judgment in BOA's favor.  Having now conclusively established that PLC defaulted on the PLC Loan, and given Klein's failure to pay BOA in acordance with his guaranty of the PLC Loan, BOA respectfully submits that the Agrippa Loan is also, by virtue of it's cross-default clause, in breach.  Summary judgment should thus enter in BOA's favor.

## II.    FACTS

Klein guarantees two loans held by BOA.  *See Complaint,* ¶¶ 5-9 (and accompanying Exhibits A through E); *Defendant's Answer, Affirmative Defenses and Counterclaims* (hereinafter, "*Answer*"), ¶¶ 5-9; *see also Wyoming Action*, *Plaintiff's First Amended Complaint* (the "*Wyoming Complaint*"), ¶¶ 5-7; *id.*, *Answer And Affirmative Defenses of Bank of America, N. A. To Plaintiff's First Amended Complaint* (the "*Wyoming Answer*"), ¶¶ 5-7.[2]

The first loan was made to Agrippa, a limited liability company, of which Klein is the sole member.  *Complaint*, ¶ 5; *Answer,* ¶ 5; *Wyoming Action*, *Transcript of Hearing*, November 5, 2010 ("*Tr.*"), p. 62 (attached hereto as Exhibit C).[3]  That loan is evidenced by a $3,200,000.00

---

[1] *See PLC Partners, LLC v. Bank of America, N. A*., United States District Court, District of Wyoming, Docket No. 10-CV-0141-D (hereinafter, the "*Wyoming Action*").  This Court can take judicial notice of pleadings on file before a sister district.  *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

[2] The *Wyoming Complaint* and the *Wyoming Answer* are attached hereto as Exhibits A and B, respectively.

[3] *See also Declaration of Donald E. Frechette* submitted contemporaneously herewith concerning the truth and accuracy of the *Tr.*

HFD 217192.2

note (the "*New York Note*"), which Klein personally guaranteed (the "*New York Guaranty*"). *Complaint*, ¶¶ 5-6; *Answer,* ¶¶ 5-6.[4]

Klein also guaranteed a loan made to PLC, another limited liability company that Klein is again the sole member of. *Complaint*, ¶¶ 7-8; *Answer,* ¶¶ 7-8; *Tr.*, p. 62. The PLC Loan was evidenced by a $1,350,000.00 note (the "*Wyoming Note*"), and secured by a mortgage on Wyoming real estate (the "*Wyoming Mortgage*"). *Complaint*, ¶¶ 7-8; *Answer*, ¶¶ 7-8. Klein separately guaranteed the PLC Loan (the "*Wyoming Guaranty*"). *Answer*, ¶ 9.[5]

PLC failed to pay the *Wyoming Note* in accordance with its terms. *See Wyoming Action*, *Order*, November 12, 2010 (the "*Order*"), p. 7, ¶ 17 (discussion of Klein's trial testimony and his "acknowledge[ment] . . . before this Court that PLC failed to pay the [Wyoming] Note in accordance with its terms," as well as Klein's "acknowledgement that he was in default on the PLC Loan"); *see also id.*, *Judgment In A Civil Case* (the "*Judgment*"), November 12, 2010.[6] PLC and Klein also failed to timely pay, when due, certain real property taxes assessed with respect to the property secured by the *Wyoming Mortgage*. *26 (f) Report*, p. 4, ¶¶ 10-11.

Accordingly, on June 4, 2010, BOA formally notified Klein and PLC that the PLC Loan was in default, that the same had also been accelerated in accordance with its terms, and that demand was being made upon PLC and Klein for payment in accordance with their respective

---

[4] Copies of the *New York Note* and *New York Guaranty* are attached to hereto as <u>Exhibits D</u> and <u>E</u>, respectively, and their authenticity has been admitted. *See Answer*, ¶¶ 5-6; *see also Form 26 (f) Report Of Parties' Planning Meeting* ("*26 (f) Report*"), pp. 3-4, ¶¶ 5-6.

[5] Copies of the *Wyoming Note*, *Wyoming Mortgage* and *Wyoming Guaranty* are attached hereto as <u>Exhibits F</u>, <u>G</u> and <u>H</u>, respectively, and their authenticity has been admitted. *See Answer,* ¶¶ 7-9; *26 (f) Report*, p. 4, ¶¶ 7-9.

[6] The *Order* and the *Judgment* are attached hereto as <u>Exhibits I</u> and <u>J</u>, respectively.

obligations. *Complaint*, ¶ 13; *Answer*, ¶ 13; *26 (f) Report*, pp. 4-5, ¶ 12.[7] Additionally, because the Agrippa Loan documents contained a cross-default clause,[8] BOA, in separate correspondence, also notified Klein and Agrippa that the Agrippa Loan was similarly in default, had also been accelerated in accordance with its terms, and that demand was likewise again being made upon Klein and Agrippa for payment in accordance with their respective obligations. *Complaint*, ¶ 17; *Answer*, ¶ 17; *26 (f) Report*, p. 5, ¶ 15.[9]

PLC and Klein failed to respond to BOA's payment demands and, accordingly, on June 22, 2010, BOA notified PLC and Klein of its intent to foreclose the *Wyoming Mortgage*. *Order*, p. 3, ¶ 6. PLC responded by suing BOA in Wyoming on July 6, 2010, and by filing a motion for an *ex parte* temporary restraining order to stop BOA's planned foreclosure. *Id.*, p. 3, ¶ 7. That

---

[7] The notification letter is attached hereto as <u>Exhibit K</u> and its authenticity has been admitted. *See 26 (f) Report*, pp. 4-5, ¶ 12.

[8] The *New York Note* provides as follows:

> **DEFAULT.** I will be in default under this Note if any of the following happen:
>
> \*       \*       \*
>
> **Break Other Promises**. I break any promise made to [BOA] or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with [BOA].
>
> \*       \*       \*
>
> **Death or Insolvency**. Any Borrower dissolves . . . or any of the members becomes insolvent . . . .
>
> \*       \*       \*
>
> **Events Affecting Guarantor**. Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness . . . .

[9] The notification letter is attached hereto as <u>Exhibit L</u> and its authenticity has been admitted. *See 26 (f) Report*, p. 5, ¶ 15.

motion was denied and PLC undertook no further efforts to enjoin the foreclosure of the *Wyoming Mortgage*, which foreclosure occurred on August 10, 2010.  *Id.*, p. 3, ¶¶ 7-8.

Following the foreclosure sale, PLC filed a preliminary injunction motion to prevent BOA from accepting a sheriff's foreclosure deed.  *See Wyoming Action*, *Plaintiff's Rule 65, F. R. Civ. P. Motion For Preliminary Injunction*, October 21, 2010 (the "*PI Motion*"); *id.*, *Plaintiff's Brief In Support Of Motion For Preliminary Injunction*, October 21, 2010 ("*PI Brief*").[10]  The gravamen of PLC's claims was that BOA had failed to properly credit PLC's payments under the PLC Loan, and had told PLC that it didn't have to make payments with respect to the PLC Loan while the parties were discussing settlement.  *See PI Motion* and *PI Brief*, *passim*; *see also Wyoming Complaint*, ¶¶ 9-10.  PLC thus claimed that the PLC Loan was, in actuality, **not** in default and that BOA had improperly foreclosed the *Wyoming Mortgage*.  *Wyoming Complaint*, p. 5, ¶ 20.

The Wyoming federal court conducted a hearing on PLC's preliminary injunction motion on November 5, 2010 and, pursuant to *Fed. R. Civ. P.* 65 (a) (2), consolidated the injunction hearing with a trial on the merits.  *See Order*, generally.  The Wyoming court explicitly found – indeed, Klein **admitted**  -- that the PLC Loan had not been paid in accordance with its tenor.  *Order*, p. 7, ¶ 17.  Accordingly, it entered final judgment in BOA's favor.  *See Judgment*.

Because Klein failed to pay the PLC Loan in accordance with his guaranty, and given the cross-default language in the *New York Note*, the Agrippa Loan is now also in default, and Klein has once again failed to perform in accordance with his guaranty of that loan as well.  As of June

---

[10]  The *PI Motion* and *PI Brief* are attached hereto as Exhibits M and N, respectively.

1, 2010, Klein owed BOA $3,113,686.41 with respect to his guaranty of the *New York Note*. *See Declaration of Andrew Maidman*, November 18, 2010 (attached hereto as <u>Exhibit O</u>).

### III.  ARGUMENT

#### A.  PLC And Klein Failed To Pay The PLC Loan.

Klein was PLC's sole witness in the *Wyoming Action*. The Wyoming District Court explicitly found that "Mr. Klein was not a credible witness" and that, in fact, "PLC failed to pay the [Wyoming] Note in accordance with its terms." *Order*, p. 6, ¶ 15; *id.*, p. 7, ¶ 17.

Klein himself similarly acknowledged his failure to satisfy the *Wyoming Guaranty*:

> Q.  Read it *verbatim*.
>
> A.  "The loan is now immediately due and payable, and demand is hereby made by the bank for payment in full of the loan. Demand is also made upon you for full payment – for payment in full as guarantor of the loan pursuant to the Wyoming [G]uaranty."
>
> Q.  Did you try to bring the note current when you received this notice of default on June 4th of 2010?
>
> A.  No.
>
> Q.  Why not.
>
> A.  I didn't have the wherewithal.
>
> **The Court:**  I'm sorry. What?
>
> **The Witness:**  I didn't have the wherewithal, Your Honor.
>
> **BY MR. LUBING:**
>
> Q.  Could you pay the full – thing in full as is called out for in the letter?
>
> A.  No.

*Tr.*, pp. 41-42.

### B.     The *Wyoming Action* Is Entitled To Preclusive Effect.

"It is well established that federal law on collateral estoppel applies to determine the preclusive effect of a prior federal judgment." *Purdy v. Zeldes*, 337 F.3d 253, 258 fn. 5 (2d Cir. 2003).

> Under federal law, collateral estoppel applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."

*Id.* at 258, quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997) (internal quotations and footnote omitted).

Whether PLC was or was not in default with respect to the PLC Loan was not just **an** issue in the *Wyoming Action*, it was **the** issue. *See Wyoming Complaint*, p. 4, ¶ 17 ("[BOA] foreclosed upon the property on August 10th 2010.  This action was based upon [PLC's] alleged default on the [Wyoming] Note.  ***[PLC] disputes that it defaulted on the [Wyoming] Note*** (emphasis added)."); *id.*, pp. 4-5, ¶ 20 (" . . . the foreclosure action was improperly initiated, [*sic*] because the [Wyoming] Note was not in default."); *id.*, p. 5, ¶ 23 (making plain that PLC's objective in the *Wyoming Action* was "to challenge the foreclosure itself.").

Likewise, there can be little doubt that the matter of PLC's default with respect to the PLC Loan was fully and fairly litigated and decided, and that a decision with respect to this issue was necessary to support the *Judgment*.  *See Tr.*, *passim*; *see also Order*, p. 7, ¶ 17.

Consequently, the determination made in the *Wyoming Action* to the effect that PLC defaulted on the *Wyoming Note* is entitled to preclusive effect in this Court.[11]

### C.  Klein's Failures As Regards The PLC Loan Caused A "Cross-Default" Of The Agrippa Loan.

Pursuant to the *Wyoming Guaranty*, Klein "unconditionally guaranteed[d] full and punctual payment and satisfaction of the Indebtedness of [PLC] to [BOA], and the performance and discharge of [PLC's] obligations under the [Wyoming] Note and the Related Documents." *See Wyoming Guaranty*, p. 1.[12]  Klein thus breached that guaranty when, following PLC's default with respect to the *Wyoming Note*, he failed to promptly pay the PLC Loan.

The *Wyoming Mortgage* also required PLC to "pay when due . . . all taxes . . . levied against or on account of" the real estate secured thereby. *Wyoming Mortgage*, p. 2.  PLC and Klein have both freely admitted that they failed to pay those taxes "when due." *26 (f) Report*, p. 4, ¶¶ 10-11.  As such, PLC was once again in default with respect to the *Wyoming Mortgage*. Consequently, by failing to pay the applicable taxes, Klein breached the *Wyoming Guaranty* by

---

[11] It is of no consequence that Klein was not a party to the *Wyoming Action*. "An officer, director or shareholder of a corporation is in privity with that corporation, and barred from asserting claims on his own behalf, if he participated in and controlled the earlier litigation on behalf of the corporation." *Pentagen Techs. Int'l, Ltd. v. CACI Int'l Inc.*, 1996 WL 435157, at *17 (E.D.N.Y. Aug. 2, 1996) (attached hereto as Exhibit P), citing *Teletronics Srvs., Inc. v. Hessen*, 762 F.2d 185, 191 (2d Cir. 1985).  "The Second Circuit has held that persons who are officers, directors, sole shareholders **and guarantors** of a corporation had interests sufficiently equivalent to those of the corporation to establish privity with the corporation for preclusion purposes." *Id.* (emphasis added), citing *Alpert's Newspaper Delivery Inc. v. New York Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989).  Here, Klein is the sole member of PLC and, as such, *per force* manages its affairs.  He was PLC's **only** witness at trial and, as the trial testimony shows, was in charge of all of PLC's dealings with BOA.  Klein **and** PLC were also represented by the same counsel during negotiations with BOA.  *Tr.* p. 62.  Finally, Klein guaranteed the PLC Loan.  It is thus clear that Klein and PLC are in privity for issue preclusion purposes.  *See also Rymer Foods, Inc. v. Morey Fish Co.*, 1996 WL 627624, at *5 (N.D. Ill. Oct. 28, 1996) (attached as Exhibit Q), and cases therein cited, *aff'd*, 116 F.3d 1482 (7th Cir. 1997).

Quite obviously, Klein is also bound by his own testimony as regards his failure to perform in accordance with the terms of the *Wyoming Guaranty*.  *See Tr.*, pp. 41-42.

[12] The "Related Documents" include the *Wyoming Mortgage*. *Wyoming Guaranty*, p. 3.

which he had agreed to see to the "performance and discharge of [PLC's] obligations under the" *Wyoming Mortgage*.

These breaches by Klein of his obligations to BOA *vis-à-vis* the PLC Loan resulted in a breach of the Agrippa Loan. Specifically, the *New York Note's* cross-default provision explicitly provides that if any guarantor of the Agrippa Loan – that is to say, Klein – breaks any promise that he has made to BOA, or fails to "perform promptly" in connection with "any other agreement or loan" that he has with BOA, the *New York Note* will be deemed in default. *See New York Note*, pp. 1-2. Thus, when Klein failed to perform under the *Wyoming Guaranty*, he triggered a default under the *New York Note* and, in turn, then became obligated pursuant to the *New York Guaranty*. BOA is thus entitled to summary judgment as a matter of law.

### D. The *New York Note* Is In Default As A Consequence Of Klein's Insolvency.

The *New York Note* also provides that it will be in default "if any of the members of [Agrippa] become insolvent." *Id*. Under New York Law,[13] a person is deemed insolvent when, *inter alia*, they have "ceased to pay [their] debts in the ordinary course of business or cannot pay his debts as they become due." *N.Y. U.C.C. Law* § 1-201 (23) (McKinney 2001).

As Klein himself candidly acknowledged in the *Wyoming Action*, he failed to perform under the *Wyoming Guaranty* because he "didn't have the wherewithal." *Tr.*, pp. 41-42. PLC (and, as guarantor, Klein) also failed to pay the property taxes for the real estate secured by the *Wyoming Mortgage*. *26 (f) Report*, p. 4, ¶¶ 10-11. Klein has thus failed to pay his debts – both to BOA and with respect to property taxes – as they became due. As a consequence, a member of Agrippa – indeed its ***only*** member – has admitted that he is insolvent. The *New York Note* is

---

[13] The *New York Note* contains a New York choice of law provision. *Id.*, p. 2.

HFD 217192.2

again, therefore, in default and Klein should thus have paid BOA in accordance with the terms of the *New York Guaranty*. On the basis of the foregoing, BOA is entitled to summary judgment as a matter of law.

### IV.    CONCLUSION

As a result of the *Wyoming Action*, it has now been conclusively established that PLC defaulted on the *Wyoming Note*. As such, Klein should have paid that note pursuant to the *Wyoming Guaranty*. He has not, of course, done so. Likewise, PLC and Klein have admitted that they failed to pay real estate taxes "when due" with respect to the property secured by the *Wyoming Mortgage*. Klein's failure to make these payments was, once again, in violation of the *Wyoming Guaranty*.

By failing to perform in accordance with the *Wyoming Guaranty*, Klein triggered the cross-default provision contained within the *New York Note*, causing that debt instrument to also lapse into breach. In turn, with the *New York Note* in breach, Klein was obligated – and failed – to pay Agrippa's debts pursuant to the *New York Guaranty*.

Finally, it is manifest that Klein is insolvent. That, standing alone, is also an event of default under the *New York Note*, and Klein's responsibility under the *New York Guaranty* is again thus implicated.

BOA respectfully submits that there are no genuine issues of fact with respect to any of the foregoing matters and that, on the basis of the within submissions, BOA is entitled to judgment as a matter of law.

WHEREFORE, BOA respectfully requests that summary judgment enter in its favor with respect to the claim pled by it in the *Complaint*.

Dated at Hartford, Connecticut, this 18th day of November, 2010.

      Plaintiff,
      BANK OF AMERICA, N. A.

  BY  __/s/Donald E. Frechette_____
      Donald E. Frechette, Esq. (ct 08930)
      Edwards Angell Palmer & Dodge LLP
      20 Church Street, 20th Floor
      Hartford, CT  06103
      (860) 525-5065
      (860) 527-4198 (Fax)
      Email: dfrechette@eapdlaw.com

      Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on November 18th, 2010, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the court's CM/ECF System.

      __/s/Donald E. Frechette_____
      Donald E. Frechette, Esq. (ct 08930)

HFD 217192.2