UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (NEW HAVEN)

------------------------------------------------------------------------x
BANK OF AMERICA, N.A.                       :
                                            :
    Plaintiff,                              :   CIVIL ACTION NO.
                                            :   3:10-CV-00987 (MRK)
v.                                          :
                                            :
SAMUEL KLEIN                                :
                                            :
    Defendant.                              :   November 18, 2010
------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISQUALIFY**
**PLAINTIFF'S COUNSEL**

**I.   INTRODUCTION**

The Defendant, Samuel Klein, hereby submits this Memorandum of Law in support of his Motion to Disqualify Plaintiff's Counsel dated November 18, 2010. As is more fully set forth herein, Edwards Angell Palmer & Dodge LLP ("Edwards & Angell"), the law firm with which Plaintiff's counsel is affiliated, previously represented the Defendant in two separate cases which are substantially related to the instant litigation, and as a direct result gained access to relevant confidential information. Accordingly, the Rules of Professional Conduct and applicable case law require that all attorneys affiliated with Edwards & Angell, including Plaintiff's present counsel, be disqualified.

**II.  BACKGROUND**

From October 2007 until January 2008, Edwards & Angell represented Mr. Klein, as well as LJA Danbury, LLC ("LJA Danbury") and LJA Newark, LLC ("LJA Newark"), two entities in

which he owned a majority interest, as defendants in the matter of *FHC Danbury LLC, et al. v. LJA (Danbury), LLC, et al.* in the Court of Chancery of the State of Delaware (the "First Delaware Action").  *See* Affidavit of Samuel Klein ("Klein Affidavit"), attached hereto as Exhibit A, at ¶ 4.  The First Delaware Action arose out of a dispute between Mr. Klein and a former business partner in connection with a commercial real estate venture.  *See* Corrected Verified Amended Complaint dated May 21, 2007 (the "First Delaware Complaint"), attached hereto as Exhibit B, at ¶ 2.  The First Delaware Complaint alleged that funds contributed by Mr. Klein's former partner in response to a capital call had improperly been paid to Mr. Klein and associated entities, that Mr. Klein had failed to fund capital calls, and had caused certain mortgages to become past due.  *See* First Delaware Complaint at ¶¶ 8, 9, 45-47, 53-56, 65-67, 76.        From October 2007 to January 2008, Edwards & Angell also represented Mr. Klein, LJA Danbury, LJA Newark and another Klein controlled entity, LJA Management, LLC in the matter of *LJA (Danbury), LLC, et al. v. Leslie Klein* in the Court of Chancery of the State of Delaware (the "Second Delaware Action").  *See* Klein Affidavit at ¶ 5.  The Second Delaware Action arose out of Mr. Klein's then wife's refusal to allow the transfer of certain property to the parties who were the Plaintiffs in the First Delaware Action.  *See* Verified Complaint dated October 25, 2007 (the "Second Delaware Complaint"), attached hereto as Exhibit C, at ¶ 1.  This transfer was necessary to effectuate a settlement of the First Delaware Action.  *Id.*  The Verified Complaint in the Second Delaware Action was prepared and filed by Edwards & Angell.  *See* Klein Affidavit at ¶ 5. It is clear from reviewing the Second Delaware Complaint that, in order to draft it, Edwards & Angell first had to have acquired a great deal of information regarding Mr. Klein's personal finances and business operations.  *See* Second Delaware Complaint at ¶¶ 1-31.

Because both Delaware Actions involved allegations about Mr. Klein's financial affairs, Mr. Klein provided Edwards & Angell with a great deal of confidential and proprietary information relating to his finances and business dealings. This included, but was not limited to, bank statements, current and pro forma financial statements, internal correspondence, emails and memoranda, as well as information regarding the two loans which are the subject of the instant action. *See* Klein Affidavit at ¶ 6. He also provided them with his tax returns from 2004 through 2006. *See* Klein Affidavit at ¶ 7. Additionally, attorneys from Edwards & Angell frequently met with Mr. Klein at his home and office, and were given access to his personal and corporate files, including electronic files. *See* Klein Affidavit at ¶ 8. Most of this information was never produced to the opposing parties, as the cases were concluded before discovery was completed. *Id.* Edwards & Angell also prepared him for and represented him at his deposition in the First Delaware Action. *Id.* Edwards & Angell eventually moved to withdraw from its representation of Mr. Klein due, in part, to a fee dispute between it and Mr. Klein. *Id.*

Mr. Klein currently has three loan relationships with the Plaintiff. Two of them are the subject of the instant action, and were already in place at the time that Edwards & Angell represented Mr. Klein in the two Delaware Actions. *See* Klein Affidavit at ¶ 9.

First, there is a May 23, 2006 loan from United States Trust Company, National Association ("U.S. Trust") to Agrippa, LLC ("Agrippa"), a company wholly owned by Mr. Klein, in the amount of $3.2 million secured by property owned by Agrippa in New York, New York (the "New York Loan"). Mr. Klein has personally guaranteed this loan. *See* Klein Affidavit at ¶ 10. The Plaintiff has alleged that it is now the owner and holder of the Agrippa Note and Guaranty.

Next, there is a February 26, 2007 loan from U.S. Trust to PLC, LLC ("PLC") a company wholly owned by Mr. Klein, in the amount of $1.35 million secured by a mortgage on real property owned by PLC in Jackson, Wyoming (the "Wyoming Loan"). *See* Klein Affidavit at ¶ 11. Mr. Klein has personally guaranteed this loan as well. The Plaintiff has alleged that it is now the owner and holder of the PLC Note and Guaranty.

Finally, there is an April 28, 2008 loan from the Plaintiff to Mr. Klein in the amount of $5.8 million secured by property located in Greenwich, Connecticut (the "Connecticut Loan"). *See* Klein Affidavit at ¶ 12.

In its First Amended Complaint dated August 24, 2010 (the "Amended Complaint"), the Plaintiff alleges that, by virtue of the fact that PLC has allegedly defaulted on obligations to the Plaintiff other than the Agrippa Note, the Plaintiff is entitled to declare a default and accelerate the Agrippa Note, and pursue claims against Mr. Klein in connection with his guaranty of Agrippa's obligation to the Plaintiff. The Plaintiff also alleges that Mr. Klein is insolvent, and that this forms a further basis for declaring him to be in default under the Agrippa Guaranty. Mr. Klein denies that he is insolvent, denies that the Plaintiff is entitled to accelerate, and has filed numerous counterclaims against the Plaintiff. The Amended Complaint contains absolutely no allegation whatsoever that the Agrippa Note is not current or that there is any other basis for accelerating it.

In *PLC Partners, LLC v. Bank of America, N.A.*, pending in the United States District Court for the District of Wyoming (the "Wyoming action"), PLC sought to enjoin the Bank from foreclosing on the Wyoming Property. Plaintiff's counsel in the instant action, Donald Frechette, was admitted *pro hac vice* in that case on behalf of the Bank without disclosing to the

Wyoming court that Edwards & Angell previously represented Klein in the Delaware Actions. *See* Exhibit D attached hereto.

Mr. Klein never consented to Edwards & Angell's representation of the Bank in either the Connecticut or Wyoming Actions. *See* Klein Affidavit at ¶ 14. In fact, on November 3, 2010, Mr. Klein's counsel sent Plaintiff's counsel a letter, requesting that Edwards & Angell withdraw from its representation of the Bank in the Connecticut and Wyoming Actions. *See* Exhibit E attached hereto. Edwards & Angell has refused to do so, however. *See* Exhibit F attached hereto.

### III. ARGUMENT

#### A. The Three Part Test for Disqualification has been met here.

In deciding disqualification issues, courts impose a three part test. Under the three part test, the first question is whether Mr. Klein is a former client of Edwards & Angell. The next question is whether there is a substantial relationship between the subject matter of the two Delaware Actions and the issues in the instant action. The final question is whether Edwards & Angell had access to, or was likely to have had access to, relevant confidential information in the course of their prior representation of him. *See, e.g., Red Ball Interior Demolition Corp. v. Palmadessa, et al.*, 908 F. Supp. 1226, 1239 (S.D.N.Y. 1995); *Evans v. Artek Systems Corp., et al.*, 715 F.2d 788, 791 (2d Cir. 1983).[1] Edwards & Angell fails all three parts.

---

[1] *Evans* and several of the cases cited herein make reference to the Code of Professional Responsibility, rather than the Rules of Professional Conduct, but "[a]lthough the Code has not been formally adopted in Connecticut, 'its salutary provisions have consistently been relied upon by the courts in the Second Circuit in evaluating the ethical conduct of attorneys.'" *MMR/Wallace Power & Industrial, Inc. v. Thomas Associates, et al.*, 764 F. Supp. 712, 718 n. 9 (D. Conn. 1991) (citations omitted).

1.      **<u>Edwards & Angell Represented Mr. Klein in the Delaware Actions</u>**.

Edwards & Angell filed an appearance on behalf of Mr. Klein and his related entities in the First Delaware Action on October 5, 2007, and remained his counsel until the Delaware court granted its motion to withdraw on January 7, 2008. *See* Klein Affidavit at ¶ 4. Edwards & Angell filed a Verified Complaint on behalf of Mr. Klein and his related entities in the Second Delaware Action on October 26, 2007, and remained his counsel until the case was voluntarily dismissed on January 25, 2008. *See* Klein Affidavit at ¶ 5. It is therefore beyond dispute that the first prong of the test has been met here.

2.      **<u>The Delaware and Connecticut Actions are Substantially Related</u>**.

The Connecticut and Delaware Actions are substantially related. The Delaware Actions contain allegations that Mr. Klein failed to meet certain financial obligations, as well as allegations regarding his personal financial situation. The Connecticut Action also alleges that he failed to meet certain financial obligations, and alleges that he is financially insolvent. All three cases therefore squarely address his personal financial situation and business practices.

The Official Commentary to Rule 1.9 of the Rules of Professional Conduct is instructive here. It states that:

> [a]fter termination of a client-lawyer relationship, a lawyer has certain continuing duties with respect to confidentiality and conflicts of interest and thus may not represent another client except in conformity with this Rule.

It further states that:

> [m]atters are 'substantially related' for purposes of this Rule . . . if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter. For example, a lawyer who has represented a businessperson and learned extensive private financial information

> about that person may not then represent that person's spouse in seeking a divorce . . . . A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter. A conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services.

The example in the commentary cited above is directly on point. A lawyer who has "learned extensive private financial information" about a client may not then represent another party adverse to that client in another matter in which that very same "private financial information" is at issue. That is exactly the case here.

Moreover, the Plaintiff's own conduct in this case demonstrates the Plaintiff's belief that the matters are related. First, Plaintiff's First Set of Requests for Admissions to Defendant dated October 12, 2010, contain numerous requests relating to Mr. Klein's current financial condition, changes in it since 2008, and any documentation relating thereto. *See* Exhibit G attached hereto. Second, the Plaintiff has specifically introduced issues from the First Delaware Action into this case by serving a Second Set of Requests for Admission demanding that Mr. Klein either admit or deny matters pertaining to that action. These very same issues were discussed by him with his attorneys at Edwards & Angell while they represented him. *See* Klein Affidavit at ¶ 16. Third, in Plaintiff's First Set of Interrogatories and Request for Production, dated October 12, 2010, the Plaintiff has requested that Mr. Klein identify or produce, *inter alia*, the following:

> 12. [i]dentify all other lawsuits, criminal proceedings, administrative proceedings, arbitrations or mediations in which you have been named a party or participated at any time since June 1, 2000 . . .
>
> 4. All documents filed in any other lawsuit, criminal proceeding, administrative proceeding, arbitration or mediation in which you have been named a party or participated at any time since June 1,

> 2000, including without limitation any adverse proceeding in which you were a party.
>
> 5. Copies of your federal and state tax returns for the years 2004 through 2009.
>
> 19. Any and all documents identified by you in response to any of the accompanying requests to admit propounded upon you in this action and/or which you used, referred to, which concerns, or upon which you relied to respond thereto.

*See* Exhibit H attached hereto.

Fed. R. Civ. P. 26(b)(1) requires that parties may only seek discovery regarding matters that are relevant. It would be highly inappropriate for the Plaintiff to be seeking this discovery if it did not believe it was relevant to this matter. The Plaintiff, therefore, has in effect already conceded that the existence of the two Delaware Actions, all documents filed by Mr. Klein in those actions (many of which were prepared and filed on his behalf by Edwards & Angell), the tax returns provided by Mr. Klein to Edwards & Angell during the course of its representation of him, and all documents relating to the July 20, 2007 hearing in the First Delaware Action (most of which Mr. Klein shared with his counsel at Edwards & Angell) are relevant. It is therefore difficult, if not impossible, to conclude that the three actions are not substantially related.

Accordingly, the second prong has been met.

### 3. Edwards & Angell Had Access to Relevant Confidential Information.

Once, as is the case here, the first two prongs of the three part test have been met, "considerations require application of a strict prophylactic rule to prevent any possibility, however slight, that confidential information acquired from a client during a previous relationship may subsequently be used to the client's disadvantage." *Emle Industries, Inc., et al. v. Patentex, Inc., et al.*, 478 F.2d 562, 571 92d Cir. 1973). Thus, "where 'it can reasonably be

said that in the course of the former representation the attorney *might* have acquired information related to the subject matter of his subsequent representation,' it is the court's duty to order the attorney disqualified." *Id.* (emphasis in original). Accordingly, "[e]ven an appearance of impropriety may, under the appropriate circumstances, require prompt remedial action by the court." *MMR/Wallace Power & Industrial*, 764 F. Supp. at 718.

Therefore, "in order to grant a disqualification motion, a court should not require proof that an attorney actually had access to or received privileged information . . . ." *Government of India, et al. v. Cook Industries, Inc.*, 569 F.2d 737, 740 (2d. Cir. 1978). *See also Emle Industries*, 478 F.2d at 571 ("Courts need not, indeed cannot, inquire whether the lawyer did, in fact, receive confidential information"). Rather, disqualification is appropriate "where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation . . . ." *Board of Education of the City of New York, et al. v. Nyquist, et al.*, 590 F.2d 1241, 1246 (2d. Cir. 1979) (relying on *Emle Industries, Inc.*, 478 F.2d at 582). This is due, at least in part, to the fact that in situations such as this "the opportunity for even inadvertent disclosure [is] ever-present." *Hull v. Celanese Corp.*, 513 F.2d 568, 569 (1975). Accordingly, one court in Connecticut has even gone so far as to say:

> Once a substantial relationship is found, there is an irrebuttable presumption that the former client revealed facts requiring the attorney's disqualification. There is no need to show that the former client actually did reveal any confidences, or whether the attorney indeed will use such information to the former client's disadvantage.

*Prisco, et al. v. Westgate Entertainment, Inc.*, 799 F. Supp. 266, 271 (D. Conn. 1992).

Here, the Court need not make any presumptions. The evidence clearly demonstrates that Edwards & Angell gained access to a great deal of Mr. Klein's personal financial and business

-9-

data in the course of representing him in the two Delaware Actions. *See* Klein Affidavit at ¶¶ 6-8, 15. The mere potential for the improper use of that information requires disqualification.

### B. Edwards & Angell's Representation of the Plaintiff Violates the Rules of Professional Conduct.

The Local Civil Rules of the United States District Court for the District of Connecticut provide that:

> [t]his Court recognizes the authority of the 'Rules of Professional Conduct', as approved by the Judges of the Connecticut Superior Court as expressing the standards of professional conduct expected of lawyers practicing in the District of Connecticut.

D. Conn. L. Civ. R. 83.2(a)(1).

To enforce these rules, the Federal courts have the power to disqualify attorneys in litigation pending before them. *See MMR/Wallace Power & Industrial*, 764 F. Supp. at 717 (citations omitted).

Edwards & Angell's representation of the Bank in the Connecticut and Wyoming Actions represents a clear violation of at least three separate provisions of the Rules of Professional Conduct. The violation of any one of these Rules alone would be ample grounds for disqualification, but the fact that Edwards & Angell has violated multiple Rules and refuses to withdraw as counsel to the Plaintiff despite its former clients' request that it do so is deeply troubling, and makes it clear that the need for disqualification here is beyond question.

#### 1. Rules 1.8(b) and 1.9(c)

Rule 1.8(b) provides that "[a] lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules." As noted in the Official Commentary to Rule 1.8(b),

"[u]se of information relating to the representation to the disadvantage of the client violates the lawyer's duty of loyalty."

Under Rule 1.9(c):

> [a] lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

As discussed below, Edwards & Angell has plainly violated these rules.

On October 14, 2010, the Plaintiff issued a Second Set of Requests for Admission in this action (the "Second Requests for Admission"). *See* Exhibit I attached hereto. The Second Requests for Admission make specific reference to certain statements made during an oral argument in the First Delaware Action, and ask Mr. Klein to admit or deny that those statements were made. Mr. Klein never consented to the use of this information, and no other provision of the Rules permits this. *See* Klein Affidavit at ¶ 15.

The oral argument at which these statements were made occurred on July 20, 2007. *See* Klein Affidavit at ¶¶ 15, 16. Mr. Klein first consulted with Edwards & Angell shortly after that hearing. *See* Klein Affidavit at ¶ 16. By virtue of its subsequent representation of him in the very same matter and in the Second Delaware Action, Edwards & Angell became privy to Mr. Klein's thoughts, impressions and opinions regarding those statements, and discussed with him the proper manner in which to address them. *Id.* As a direct result of its representation of Mr. Klein in the two Delaware Actions, Edwards & Angell also has knowledge of certain proceedings, findings and orders entered in those matters that go beyond information which is

available as a matter of public record.  *Id.*   Edwards & Angell's attempt, in the early stages of this case, to use rulings entered in the First Delaware Action against him is clear evidence of the potential for misconduct.  It is highly improper for them to now attempt to use those statements against him.

Further, Edwards & Angell is now using or could use (and, as set forth below, may in fact be presumed to use) other information relating to the two Delaware Actions to Mr. Klein's disadvantage.  Confidential information regarding his finances which Edwards & Angell previously obtained as a direct result of its representation of Mr. Klein is clearly relevant to the allegations it has made against him in the Connecticut Action, particularly the allegation that he is insolvent.

Additionally, Edwards & Angell may well be taking advantage of the fact that it had access to Mr. Klein's confidential business and financial records to help it advise the Plaintiff.  In the course of its representation of the Bank in the Connecticut and Wyoming Actions, Edwards & Angell is presumably giving advice to the Bank regarding the proper manner in which to proceed against Mr. Klein, including possible settlement strategies, which may be informed by confidential financial information it has about Mr. Klein as a direct result of its representation of him in the two Delaware Actions.  The mere fact that Edwards & Angell *may have* revealed information relating to their representation of Mr. Klein to the Plaintiff is sufficient to warrant disqualification.  *See* discussion at section III.A.3, *supra*.

The fact that different Edwards & Angell attorneys or offices may have represented Mr. Klein in the two Delaware Actions does not change the analysis.  Pursuant to Rule 1.10(a), "[w]hile lawyers are associated with a firm, none of them shall knowingly represent a client

when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9 . . . ."

### 2. **Rule 1.9(a)**

Rule 1.9(a) provides that:

> [a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Edwards & Angell has also violated this Rule. It is not disputed that it represented Mr. Klein and three of his entities in the two Delaware Actions, that its client in this action has interests that are materially adverse to his, and that Mr. Klein never consented to its representation of the Plaintiff in this matter.

It is also clear that the matters are substantially related. Both the allegations of default, financial impropriety and self dealing in the First Delaware Action, which Edwards & Angell defended Mr. Klein against, and the allegations of default and insolvency in the Connecticut Action, which Edwards & Angell is now prosecuting against Mr. Klein, raise issues about his business dealings, financial transactions, personal finances, income, expenses, assets and liabilities over the past several years. Additionally, the allegations that Edwards & Angell made on behalf of Mr. Klein in the Second Delaware Action are also directly related to and arise out of the structure of Mr. Klein's personal finances and business dealings. Furthermore, the Plaintiff, through discovery it has served in this action, has left no question that it intends to use information about the First Delaware Action and documents filed by Mr. Klein in both Delaware Actions against him in its prosecution of this action. *See* discussion at Section III.A.2, *supra*.

**IV.     CONCLUSION**

The standard for disqualification has clearly been met here, particularly since "any doubt as to the existence of a conflict of interest should be resolved in favor of disqualification." *Red Ball Interior*, 908 F. Supp at 1239 (citations omitted).

WHEREFORE, for all of the foregoing reasons, the Defendant respectfully requests that the Court enter an order disqualifying all attorneys affiliated with Edwards & Angell, including Plaintiff's present counsel, from representing the Plaintiff in the instant action. The Defendant also requests that the Court enter an order barring the Plaintiff from introducing into evidence anything relating to the two Delaware Actions.

    Respectfully submitted,

    DEFENDANT SAMUEL KLEIN,

    By:  /s/ Andrew B. Nevas
        Andrew B. Nevas
        Federal Bar No. ct05059
        LEVETT ROCKWOOD P.C.
        33 Riverside Avenue
        P.O. Box 5116
        Westport, CT  06881
        Telephone:  (203) 222-0885
        Facsimile:  (203) 226-8025
        Email:  anevas@levettrockwood.com

**CERTIFICATION**

      I hereby certify that on November 18, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF system.

      /s/ Andrew B. Nevas
Andrew B. Nevas
Federal Bar No. ct05059
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT  06881
Telephone:  (203) 222-0885
Facsimile:  (203) 226-8025
Email:  anevas@levettrockwood.com

196700v.2