UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | |
| Plaintiff, | : | CIVIL ACTION NO: |
| | : | 3:10-cv-987 (MRK) |
| v. | : | |
| | : | |
| SAMUEL KLEIN, | : | |
| | : | |
| Defendant. | : | JUNE 4, 2012 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DAMAGES**

Plaintiff, Bank of America, N.A. ("BOA"), through its undersigned counsel, respectfully submits this memorandum of law in support of its accompanying motion for summary judgment with respect to the claims set forth in BOA's first amended complaint dated August 24, 2010 (the "*Complaint*") against defendant, Samuel Klein ("Klein").

I.   **INTRODUCTION AND FACTUAL BACKGROUND**

On June 23, 2010, BOA commenced this action against Klein based on his execution of a personal guarantee (the "Guaranty") given in connection with a note (the "Note") made by Agrippa, LLC ("Agrippa"). [Dkt. No. 1]. On January 24, 2011, Agrippa filed for bankruptcy before the United States Bankruptcy Court for the Southern District of New York. [Dkt. No. 111]. On March 4, 2011, Klein here conceded liability on BOA's claim, although Klein still disputed the amount owed to BOA by Agrippa and, as such, the amount owed by Klein to BOA under the Guaranty. [*Id.*]. In that regard, Klein asserted that the amount of Agrippa's debt should be decided by the New York bankruptcy court. [*Id.*].

Klein and BOA thus entered into a stipulation on March 4, 2011, whereby Klein withdrew all of his defenses/counterclaims to the *Complaint* and acknowledged that summary

HFD 236905.1

judgment could enter against him as to liability only. [*Id.*]. In accordance with the terms of the stipulation, this Court then granted BOA's motion for summary judgment as to liability, but made no determination regarding the amount of damages (electing, instead, to hold that determination in abeyance pending the New York bankruptcy court's findings with respect to the amount of Agrippa's debt to BOA). [Dkt. No. 113].

On July 19, 2011, Agrippa and BOA stipulated that, as of the filing by Agrippa of its bankruptcy petition, Agrippa owed BOA Three Million, One Hundred Fifty Six Thousand, Three Hundred Sixty Five Dollars and Twenty Eight Cents ($3,156,365.28), attributable to principal and interest incurred in connection with the Note. *See accompanying Declaration of Donald E. Frechette*, June 1, 2012, and accompanying Exhibit A, pp. 4-5.

On January 11, 2012, BOA obtained relief from the bankruptcy stay and conducted a secured party sale (the "Sale") of certain collateral pledged by Agrippa to secure the Note, which Sale yielded proceeds to BOA totaling Two Million, Nine Hundred Thousand Dollars ($2,900,000.00). *See accompanying Declaration of Andrew Maidman ("Maidman Dec.")*, June 1, 2012, ¶ 4.

Because Agrippa failed to file operating reports or to pay the United States Trustee its applicable fees, Agrippa's bankruptcy was ultimately dismissed on April 5, 2012 without a final finding as to the amount of Agrippa's debt. *See Maidman Dec.*, ¶ 6; *In re Agrippa, LLC*, United States Bankruptcy Court for the Southern District of New York, Case No. 11-10242 (ALG), Dkt. No. 66. Thus, although the bankruptcy court did determine the amount that Agrippa owed to BOA for principal and interest as of the petition date, it made no findings as regards: (1) BOA's costs and expenses of collection; (2) post-petition interest; or (3) the final amount of Agrippa's

HFD 236905.1

debt taking into account the Sale. With the bankruptcy action now dismissed, this Court has, therefore, again become the appropriate forum for the ultimate establishment of Klein's liability to BOA.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). "'A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Eaddy v. City of Bridgeport*, 2011 WL 1399031, at *3 (D.Conn. April 12, 2011) (attached as **Exhibit A**) (citing *Williams v. Utica College of Syracuse Univ.*, 453 F.3d 112, 115 (2d Cir. 2006)). "The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact, and the Court must resolve all ambiguities and draw all inferences in favor of the non-moving party." *Eaddy*, 2011 WL 1399031 at *3 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## IV. ARGUMENT

Klein's liability under the Guaranty has already been established. [Dkt. No. 113]. Under the Guaranty, Klein is responsible for the payment of all amounts due under the Note, and for the payment of all of BOA's related costs and expenses, including reasonable attorneys' fees. Despite BOA's demand (which demand was not legally required in any event), Klein has refused to pay such sums. *Maidman Dec.*, ¶ 7. As of June 1, 2012, those amounts total $1,060,192.40. *Id.*, ¶ 10. Klein having already admitted his liability under the Guaranty, all that remains is for this Court to determine the amount that is due and owing to BOA. BOA respectfully submits

HFD 236905.1

that there are no material factual disputes that would impede this Court's ability to make that determination summarily.

V.  **CONCLUSION**

WHEREFORE, BOA respectfully requests that summary judgment enter in its favor in the amount of $1,060,192.40, or such other amount as this Court deems just and proper.

Dated at Hartford, Connecticut, this 4th day of June, 2012.

Plaintiff,
BANK OF AMERICA, N. A.

BY  /s/Donald E. Frechette
    Donald E. Frechette, Esq. (ct 08930)
    Tara L. Trifon, Esq. (ct28415)
    Edwards Wildman Palmer LLP
    20 Church Street, 20th Floor
    Hartford, CT  06103
    (860) 525-5065
    (860) 527-4198 (Fax)
    Email: dfrechette@edwardswildman.com
    Email: ttrifon@edwardswildman.com

Its Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2012, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

/s/Donald E. Frechette
Donald E. Frechette, Esq. (ct 08930)
