UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BANK OF AMERICA, N.A.,                    :

                Plaintiff,            :

v.                                        :           No.: 3:10-cv-987(JBA)(WIG)

SAMUEL KLEIN,                             :

           Defendant             :
_____X


ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AS TO DAMAGES [Doc. # 184]


I.    <u>Introduction</u>

      Before the Court is Plaintiff, Bank of America, N.A.'s (hereinafter "BOA" or Plaintiff

BOA"), Motion for Summary Judgment as to Damages against Defendant, Samuel Klein [Doc. #

184].  Mr. Klein has filed a Response in Opposition to BOA's Motion for Summary Judgment

[Doc. # 188], to which BOA has filed a Reply Memorandum [Doc. # 191].  For the following

reasons, the Court intends to recommend that BOA's Motion for Summary Judgment as to

Damages be GRANTED.  However, the Court will withhold issuing its recommended ruling

until (1) BOA has had an opportunity to supplement the record with evidence that the billing

rates BOA seeks for an award of attorneys' fees comport with those prevailing in the community,

and (2) Mr. Klein has had an opportunity to so respond.

II.   <u>Undisputed Facts</u>[1]

On May 23, 2006, Agrippa, LLC (hereinafter "Agrippa") executed a promissory note in the amount of $3,200,000.00 in favor of United States Trust Company, N.A.[2] (hereinafter "Agrippa Note") [*Klein Aff.*, ¶ 4(a), Doc. # 188-1].   Mr. Klein personally guaranteed the repayment of the Agrippa Note by virtue of a Consumer Guaranty (hereinafter "Guaranty") executed by him [P. R. 56(a)(1) Statement, ("P. R. 56(a)1") ¶ 1, Doc. # 184-3].   On June 23, 2010, Plaintiff BOA filed a single count complaint against Mr. Klein for breach of the Guaranty [Doc. # 1].   Plaintiff BOA is now proceeding under an Amended Complaint, which alleges the same singular count [Doc. # 18].   On November 18, 2010, Plaintiff BOA filed a Motion for Summary Judgment [Doc. # 29] against Mr. Klein.

On January 24, 2011, Agrippa filed for bankruptcy before the United States Bankruptcy Court for the Southern District of New York (hereinafter "Agrippa Bankruptcy Proceedings") [P. R. 56(a)1, ¶ 2, Doc. # 184-3].   Thereafter, Mr. Klein conceded liability on BOA's claim against him [*id.* at ¶ 3].   Mr. Klein, however, disputed the amount owed by Agrippa to BOA, and accordingly, the amount Mr. Klein ultimately owes to BOA under the Guaranty [*id.*].   Mr. Klein has maintained that the bankruptcy court, not the district court, should determine the amount of Agrippa's debt [*id.* at ¶ 4].

On March 4, 2011, the parties filed a Corrected Stipulation (hereinafter "Stipulation") providing, *inter alia*, that summary judgment may enter against Mr. Klein as to liability only

---

[1] Pursuant to District of Connecticut Local Civil Rule 56(a)1, Plaintiff BOA submitted its local rule statement containing thirteen (13) paragraphs of undisputed material facts [Doc. # 184-3]. Mr. Klein, in his Loc. Civ. R. 56(a)2 Statement, admitted to the facts set forth in paragraphs 1-12 of BOA's Loc. Civ. R. 56(a)1 Statement [Doc. # 195].

[2] BOA subsequently acquired United States Trust Company, N.A.'s interests in the repayment of the Agrippa Note and the Consumer Guaranty at issue.

[*Stipulation*, ¶ 3, Doc. # 111; P. R. 56(a)1, ¶ 5, Doc. # 184-3].  The parties further stipulated that a determination as to the amount of Mr. Klein's liability would be held in abeyance pending a finding by the bankruptcy court of the amount due under the Agrippa Note [*Stipulation*, ¶ 3, Doc. # 111; P. R. 56(a)1, ¶ 5, Doc. # 184-3].  Mr. Klein, by means of the Stipulation, also effectively withdrew all defenses and counterclaims to the Amended Complaint [*Stipulation*, ¶ 5, Doc. # 111; P. R. 56(a)1, ¶ 5, Doc. # 184-3].  On March 7, 2011, the Honorable Judge Mark Kravitz granted Plaintiff BOA's Motion for Summary Judgment in part, as to the issue of liability only [Doc. # 113; P. R. 56(a)1, ¶ 6, Doc. # 184-3].  Although, Mr. Klein's liability under the Guaranty has been established [P. R. 56(a)1, ¶ 10, Doc. # 184-3], the district court entered an order declining to enter a judgment against Mr. Klein until the bankruptcy court determined the amount due and owing on the Agrippa Note [Doc. # 120; P. R. 56(a)1, ¶ 6, Doc. # 184-3].

On July 19, 2011, the parties stipulated before the bankruptcy court that as of January 24, 2011, Agrippa owed BOA $3,156,365.28 (hereinafter "Agrippa Debt"), attributable to principal and interest accrued on the Agrippa Note [P. R. 56(a)1, ¶ 7, Doc. # 184-3; *Frechette Decl.*, Ex. A, pp.4-5, Doc. # 184-6].  Thereafter, BOA obtained relief from the bankruptcy stay and conducted a secured party sale of a luxury apartment securing the Agrippa Note [P. R. 56(a)1, ¶ 8, Doc. # 184-3].  BOA realized proceeds from the sale in the amount of $2,900,000.00 (hereinafter the "Sale Proceeds") [*id.*].  On April 5, 2012, the bankruptcy court dismissed the Agrippa Bankruptcy Proceedings because Agrippa failed to file operating reports or pay certain fees to the United States Trustee [*id.* at ¶ 9].  The dismissal of the Agrippa Bankruptcy Proceedings occurred prior to the bankruptcy court making a final finding as to the amount owed by Agrippa to BOA [*id.*].

Under the Guaranty, Mr. Klein is responsible for BOA's costs and expenses, including reasonable attorneys' fees, incurred in connection with the enforcement of the Guaranty [*Am. Compl.*, Ex. B, Doc. # 18; P. R. 56(a)1, ¶ 11, Doc. # 184-3].  Plaintiff BOA seeks to recover the following sums from Mr. Klein: (a) $3,156,365.28, representing the Agrippa Debt; (b) $110,935.22, representing accrued interest on the Agrippa Note from January 23, 2011 through January 10, 2012; (c) $9,969.45, representing accrued interest on the Agrippa Note for the period of January 11, 2012 through June 1, 2012; and (d) $682,922.51 in costs, expenses and attorneys' fees [*Supp. Maidman Decl.*, ¶¶ 7-9, Doc. # 191-8]. After application of the Sale Proceeds, BOA seeks to recover from Mr. Klein a total of $1,060,192.40[3] [*Maidman Decl.*, ¶ 10, Doc. # 184-4]. Notwithstanding BOA's demand for payment of Agrippa's obligations, Mr. Klein has failed and/or refused to pay the amounts due and owing to BOA pursuant to the terms of the Guaranty [P. R. 56(a)1, ¶ 12, Doc. # 184-3].  It is Mr. Klein's position that the only disputed factual issues before the Court are whether the attorneys' fees incurred by BOA are reasonable and whether BOA incurred said fees in connection with the enforcement of the Guaranty [D. R. 56(a)2 Statement ("D. R. 56(a)2"), *Disputed Issues of Material Fact*, Doc. # 195].

III.   Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a).  The party seeking summary judgment bears the burden of establishing that no

---

[3] In support of its summary judgment motion, BOA submits the Declaration of Andrew J. Maidman, an employee with BOA's Special Assets Group.  Mr. Maidman's declaration seeks recovery in the amount of $1,060,192.40 [*Maidman Decl.*, ¶ 10, Doc. # 184-4]. A Supplemental Declaration of Andrew J. Maidman, submitted with BOA's Reply Memorandum in support of its Motion for Summary Judgment (hereinafter "Reply") [Doc. # 191], seeks recovery in the amount of $1,060,192.46, a difference of six cents [*Supp. Maidman Decl.*, ¶ 11, Doc. # 191-8]. BOA recognizes this discrepancy in its Reply, and concedes that it will only seek recovery in the amount of $1,060,192.40 [*Reply*, fn. 9, Doc. # 191].

genuine issue of material facts exist.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Accordingly, the summary judgment standard "provides that the mere existence of *some* alleged

factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

The Court is to view all inferences drawn from the underlying facts in the light most

favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986).  "When the moving party has carried its burden under Rule 56(c), the

[party opposing summary judgment] must do more than simply show that there is some

metaphysical doubt as to the material facts."  *Id.* at 586 (citation omitted).  Under Rule 56(e), the

party opposing summary judgment "may not rest upon the mere allegations or denials of his

pleadings, but... must set forth specific facts showing there is a genuine issue for trial."

*Anderson,* 477 U.S. at 248.

IV.   <u>Discussion</u>

   **A.  Choice of Law**

As this Court sits in diversity, it must apply Connecticut's choice of law rules to

determine the substantive law applicable to this case.  *See Forest Park Pictures v. Univ. Tel.*

*Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012).  The Guaranty provides for the application of

New York law[4] [*Am. Compl*., Ex. B, Doc. # 18].  Generally, courts in Connecticut give effect to

contractual choice of law clauses provided that the choice was made in good faith, unless (a) the

chosen state has no substantial relationship to the parties or transaction, or (b) application of the

---

[4] The applicable provision of the Guaranty provides: "This Guaranty will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of New York, without regard to its conflicts of law provisions.  This Guaranty has been accepted by Lender in the State of New York." [*Am. Compl*., Ex. B, p. 2, Doc. # 18].

law of the chosen state would be contrary to the public policy of the state with a greater material interest in the action. *Elgar v. Elgar*, 238 Conn. 839, 848-50 (1996).

There is no basis in the record from which to conclude that the choice of law was not selected in good faith, or that the application of New York law would violate public policy. Additionally, New York has a substantial relationship to the transaction and the parties where, *inter alia*: (a) Agrippa is a New York limited liability company [*Am. Compl.*, Ex. B, Doc. # 18; *Second Frechette Decl.*, Sched. A, ¶1, Doc. # 191-6]; (b) Mr. Klein delivered the Guaranty to BOA's predecessor in interest in New York [*Am. Compl.*, Ex. B, Doc. # 18]; and (c) the real property that secured the Agrippa Note is located in New York, New York [*Second Frechette Decl.*, Sched. B, p. 2, Doc. # 191-6]. Accordingly, New York substantive law should apply in this case.

## B. Damages, Excluding Attorneys' Fees

The parties agree that the Agrippa Debt, as of the date of filing the Agrippa Bankruptcy Proceedings, totals $3,156,365.28 [P. R. 56(a)1, ¶ 7, Doc. # 184-3; *Frechette Decl.*, Ex. A, pp.4-5, Doc. # 184-5]. There is also no dispute that BOA received proceeds in the amount of $2,900,000.00 from the secured party sale [P. R. 56(a)1, ¶ 8, Doc. # 184-3; *Maidman Decl.*, ¶4, Doc. # 184-4]. Mr. Klein's main objection to the damages sought by BOA relates solely to the issue of attorneys' fees [D. R. 56(a)2, ¶ 13, Doc. # 195]. Mr. Klein fails to dispute, or offer evidence to contradict, the amount of interest sought by BOA under the Agrippa Note. Mr. Klein likewise fails to dispute, or offer evidence to contradict, the costs incurred by BOA for the placement of forced insurance in the amount of $22,756.00.

Because Mr. Klein has failed to dispute the amount of interest or costs sought, the Court shall consider those sums undisputed for purposes of BOA's summary judgment motion. *Fed. R. Civ. P.* 56(e)(2) ("If a party… fails to properly address another party's assertion of fact as

required by Rule 56(c), the court may…consider the fact undisputed for purposes of the motion…").   Moreover, BOA supports its application for said damages by virtue of two declarations made by Andrew J. Maidman [*Maidman Decl.*, ¶ 2, Doc. # 184-4; *Supp. Maidman Decl.*, ¶ 2, Doc. # 191-8].   The Court is satisfied with the evidence presented by Plaintiff BOA to support its claims for accrued interest under the Agrippa Note, and costs incurred for the placement of forced insurance.

Based on the foregoing, there is no genuine issue of material fact with respect to BOA's claim for damages in the following amounts: (a) $256,365.28 (the Agrippa Debt less the Sale Proceeds); (b) interest in the total amount of $120,904.67; and (c) costs in the amount of $22,756.00, for the placement of forced insurance.   Accordingly, the Court intends to recommend that BOA's motion for summary judgment as to the aforementioned damages be granted.

### C. Reasonable Attorneys' Fees

There is no dispute that Mr. Klein is liable for BOA's costs and expenses, including BOA's reasonable attorneys' fees [P. R. 56(a)1, ¶ 11, Doc. # 184-3].   Specifically, the Guaranty provides as follows:

> I agree to pay all of Lender's costs and expenses, including Lender's reasonable attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty.   Lender may hire or pay someone else to help enforce this Guaranty, and I shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's reasonable attorneys' fees and legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services…

[*Am. Compl.*, Ex. B, p. 2, Doc # 18].

BOA seeks recovery of attorneys' fees in the amount of $660,166.51[5] [*Maidman Decl.*, ¶ 8, Doc. # 184-4; *Supp. Maidman Decl.*, ¶ 9, Doc. # 191-8].   Mr. Klein asserts two general objections to the fees sought by BOA.  First, that the requested fees are unreasonable and second, that the requested fees were not all incurred in connection with the enforcement of the Guaranty. [D. R. 56(a)2, *Disputed Issues of Material Fact*, Doc. # 195].   Based on these objections, Mr. Klein asserts that he is entitled to an evidentiary hearing for the purposes of determining the reasonable amount of attorneys' fees owed to BOA.

"Under New York law, a contractual provision for the recovery of attorney's fees is enforceable." *Am. Fin. Servs. Group v. Treasure Bay Gaming & Resorts, Inc.*, No. 99 Civ. 1068 NT, 2000 WL 815894, at * 14 (S.D.N.Y. June 23, 2000) (citations omitted).  Nevertheless, "[t]he court has broad discretion to set reasonable attorneys' fees." *Manheim Auto. Fin. Serv., Inc. v. Fleet Funding Corp.*, No. 09-CV-4357 (NGG)(RER), 2010 WL 1692954, at * 7 (E.D.N.Y March 22, 2010) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-18 (2d Cir. 2008)); *Orix Credit Alliance, Inc. v. Grace Indus., Inc.*, 261 A.D.2d 521, 521–22, 690 N.Y.S.2d 651 (2d Dep't 1999) (the court has "the inherent authority to determine reasonable attorneys' fees").  "Under both New York and federal law, attorneys' fees are determined by multiplying a reasonable hourly rate by the number of hours reasonably expended to arrive at a presumptively reasonable fee, which may then be adjusted to account for the circumstances of the case." *Amerisource Corp. v. Rx USA Intern., Inc.*, No. 02-CV-2514 (JMA), 2010 WL 2160017, at * 9 (E.D.N.Y. May 26, 2010) (citations omitted). "The party

---

[5] The litigation between the parties has not been confined to the present action.  In addition to the fees that BOA has incurred in bringing this pending matter, BOA also seeks its reasonable attorneys' fees incurred in other separate matters, which involve different parties.  It is BOA's position that these separate matters were litigated in connection with the enforcement of the Guaranty.

seeking reimbursement bears the burden of proving the reasonableness and necessity of hours spent and rates charged." *Coated Fabrics Co. v. Mirle Corp.*, No. 06 CV 5415(SJ), 2008 WL 163598, at * 7 (E.D.N.Y. Jan. 16, 2008) (citations omitted).

   *1.  Mr. Klein Fails to Raise an Issue of Material Fact as to Reasonable Attorneys' Fees*

   Mr. Klein argues in his opposition papers that the fees sought by BOA are unreasonable because BOA's attorneys billed excessive hours and for duplicative work [*Def. Resp. to Mot. Summ. J.*, p. 9, Doc. # 188]. In his Loc. Civ. R. 56(a)2 Statement, Mr. Klein fails to raise specific objections, and makes only conclusory statements that the fees sought by BOA are unreasonable [D. R. 56(a)(2), ¶ 13, Doc. # 195]. Mr. Klein fails to support the allegations that BOA's attorneys billed for excessive hours or duplicative work with any competent proof. Mr. Klein also fails to present any competent proof that the fees sought by BOA are unreasonable.[6] Mr. Klein's conclusory statements that the sought-after fees are unreasonable are insufficient to defeat BOA's motion for summary judgment. *See Pascale v. Lepore*, No. 3:09-cv-08(CFD), 2010 WL 3257660, at * 1 (D. Conn. Aug. 16, 2010) (quoting *W. World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990)) ("When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must do more than vaguely

---

[6] In his Local Civil Rule 56(a)2 Statement, Mr. Klein cites to certain billing invoices submitted by BOA in support of his position. All of the referenced billing invoices are greater than one page in length, and Mr. Klein fails to cite to the specific pages of same which support his denial and disputed issues of material fact. Local Civil Rule 56(a)3 provides "Each statement of material fact… by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement**,** must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial… The 'specific citation' obligation of this Local Rule requires counsel and pro se parties… to cite to specific pages when citing… to documents longer than a single page in length." Despite the failure of Mr. Klein's Loc. R. 56(a)2 Statement to comply with Loc. R. 56(a)3, the Court's review of the referenced billing invoices nevertheless fails to support Mr. Klein's argument that the fees sought are unreasonable. Rather, said invoices appear to reflect billing entries for matters that Mr. Klein maintains were not incurred "in connection with the enforcement of the Guaranty", as discussed further below.

assert 'the existence of some unspecified disputed material facts' or present 'mere speculation or conjecture.'").  In any event, it is well within the Court's discretion to determine a reasonable fee and to exclude "excessive, redundant or otherwise unnecessary hours" from the calculation of an award of reasonable attorneys' fees.  *See Amerisource*, 2010 WL 2160017, at * 11 (quoting *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 235 (2d Cir. 1999)).

In support of his opposition to BOA's motion for summary judgment, Mr. Klein submits his affidavit [Doc. # 188-1]. Attached to Mr. Klein's affidavit are invoice summaries received from his prior counsel.  The invoice summaries show that Mr. Klein has incurred $155,836.51 in attorneys' fees in defending this action [*id.*].  The invoice summaries fail to set forth the work performed, the time it took to complete any task, and the hourly rate at which each task was performed.  Presumably, Mr. Klein submits the invoice summaries in support of his position that the fees sought by BOA are unreasonable.  The Court finds that neither the assertions set forth in Mr. Klein's affidavit, nor the invoice summaries attached thereto, constitute competent proof to raise an issue of material fact to defeat summary judgment on the issue of attorneys' fees.  Moreover, as the Southern District of New York has noted, "a dispute over the *amount* of attorneys' fees does not prevent summary judgment."  *U.S. Bancorp Oliver-Allen Tech. Leasing v. Hall, Dickler, Kent, Goldstein & Wood, LLP*, No. 04 Civ. 4986, 2005 WL 1875459, at * 3 (S.D.N.Y. Aug. 8, 2005) (emphasis in original).[7]

---

[7] Mr. Klein additionally asserts that under New York law, he is entitled to a hearing with respect to the reasonableness of the attorneys' fees sought by BOA.  However, pursuant to New York law, a hearing is not required in all circumstances, but only with respect to issues of fact raised in opposing affidavits.  *Bankers Fed. Sav. Bank FSB v. Off N. Broadway Dev*., 224 A.D.2d 376, 378, 638 N.Y.S.2d 72 (1st Dep't 1996) (citation omitted).  As set forth above, Mr. Klein's affidavit fails to raise any issues of material fact, and accordingly, an adversarial hearing on the issue of attorneys' fees is not required.

2.  *Attorneys' Fees Incurred in Connection with the Enforcement of the Guaranty*

The Guaranty provides that Mr. Klein is only liable for those costs and expenses incurred in connection with the enforcement of the Guaranty.  Mr. Klein argues that the attorneys' fees BOA seeks to recover were not all incurred in connection with the enforcement of the Guaranty [D. R. 56(a)2, *Disputed Issues of Material Fact*, Doc. # 195].  For this reason, Mr. Klein maintains that an issue of material fact exists to prevent summary judgment in favor of BOA. Specifically, Mr. Klein takes issue with attorneys' fees BOA seeks for, *inter alia*, tasks relating to discovery and to Mr. Klein's counterclaim [*Def. Resp. to Mot. for Summ. J.*, pp. 15-17, Doc. # 188].  Mr. Klein additionally asserts that BOA seeks attorneys' fees for "different matters" involving "different parties", which are not recoverable under the language of the Guaranty [*id.* at p. 18].   The Court disagrees with Mr. Klein that an issue of material fact exists in this regard. The meaning to be given to the Guaranty is an issue of law, which is for the Court's determination. *See Leslie Fay, Inc. v. Rich*, 478 F. Supp. 1109, 1113 (S.D.N.Y. 1979). Accordingly, Mr. Klein's argument fails to raise a genuine issue of material fact to defeat BOA's summary judgment motion.

Moreover, Mr. Klein's argument that attorneys' fees incurred by BOA for "different matters" involving "different parties" are not recoverable under the language of the Guaranty is misplaced.  The express language in the Guaranty provides that Mr. Klein agrees to pay all of BOA's costs and expenses, including reasonable attorneys' fees, "incurred *in connection with* the enforcement" of the Guaranty (emphasis added) [*Am. Compl.*, Ex. B, p. 2, Doc # 18].  Courts have construed the phrase "in connection with" as equivalent to the phrases "relating to" or "associated with".  *See, e.g.*, *Allied Irish Banks, p.l.c. v. Bank of America, N.A.*, -- F. Supp. 2d --, No. 03 Civ. 3748(DAB)(GWG), 2012 WL 2856073, at * 3 (S.D.N.Y. July 12, 2012) (citing

*Tufino v. N.Y. Hotel and Motel Trades Council and Hotel Ass'ns of the N.Y.C. AFL–CIO Local 6*, 223 A.D.2d 245, 247, 646 N.Y.S.2d 799 (1st Dep't 1996)) (noting that the phrase "relate to" has a "broad meaning", including "having a connection with the designated item."); *Corgeis Ins. Co. v. Am. Health Found., Inc.*, 241 F.3d 123, 128-29 (2d Cir. 2001) (citations omitted) (in construing an insurance contract, the Second Circuit stated that "Courts have similarly described the term 'relating to' as equivalent to the phrases 'in connection with' and 'associated with,' and synonymous with the phrases 'with respect to,' and 'with reference to'..."). Accordingly, if any of the complained of "different matters" relate to, or are otherwise associated with the enforcement of the Guaranty, then BOA may recover its attorneys' fees incurred for such matters.

   *3.  Reasonable Hours Expended*

   "The fee applicant bears that burden of proving that the hours are reasonable and must produce contemporaneous time records showing the dates, hours expended, and nature of work performed by each attorney." *Amerisource*, 2010 WL 2160017, at * 11 (citation omitted). In support of an award of attorneys' fees, BOA submits the declaration of Donald E. Frechette. Mr. Frechette is a partner in the law firm of Edwards Wildman Palmer LLP, which represents BOA in this action [*Frechette Decl.*, ¶ 1, Doc. # 184-5].  Attached to Mr. Frechette's declaration are contemporaneous billing invoices for legal work performed for the period of August 31, 2010 through January 15, 2012.  The invoices detail the work performed, the time in which it took to complete each task, and the hourly rate at which each task was performed.  The Court finds that BOA has produced sufficient evidence to meet its initial burden with respect to the reasonableness of the hours upon which it seeks to recover.  Nevertheless, the Court shall withhold its recommended findings as to the reasonableness of the hours billed, including

whether the same were incurred in connection with the enforcement of the Guaranty, until the issuance of its recommended ruling.

    *4. Reasonable Billing Rate*

 "The burden is on the fee applicant to produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Coated Fabrics*, 2008 WL 163598, at * 7 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984)); *see also Gamache v. Steinhaus*, 7 A.D.3d 525, 527, 776 N.Y.S.2d 310 (2d Dep't 2004) (citation omitted) ("Although an award of attorney's fees is within the discretion of the court, such award must be based upon a showing of the hours reasonably expended and the prevailing hourly rate for similar legal work in the community.").  BOA has failed to submit any evidence with respect to the prevailing hourly rate for similar legal work in the community. At this time the Court does not have sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered.  Nevertheless, it is the Court's opinion that BOA should have an opportunity to supplement the record with evidence that the requested billing rates are in line with those prevailing in the community, and that Mr. Klein have an opportunity to so respond.

V.   <u>Conclusion</u>

    Based on the foregoing reasons, the Court intends to grant BOA's Motion for Summary Judgment as to Damages.  However, the Court will not issue its recommended ruling until BOA has had an opportunity to supplement the record with evidence that the billing rates requested comport with those prevailing in the community.  BOA shall file any such evidence with the Court within ten (10) days from the date of this Order.  Mr. Klein shall file any response to

BOA's supplemental submission(s) within ten (10) days from the filing date of BOA's submissions.

Federal Rule of Civil Procedure 72(b)(2) provides that a party may serve and file specific objections to a magistrate judge's recommended ruling within fourteen (14) days after being served with a copy of the recommended disposition.  However, in light of the above, the Court hereby stays the running of this fourteen (14) day time period until such time as the Court issues its recommended ruling.

SO ORDERED, this 22nd day of October, 2012, at Bridgeport, Connecticut,


_____/s/ William I. Garfinkel____
Hon. William I. Garfinkel
U.S. MAGISTRATE JUDGE