UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BANK OF AMERICA, N.A., | : |
| Plaintiff, | : |
| vs. | : No. 3:10cv0987(JBA)(WIG) |
| SAMUEL KLEIN, | : |
| Defendant. | : |

-------------------------------------------------------------X

RECOMMENDED RULING ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AS TO DAMAGES [Doc. # 184]

On October 22, 2012, this Court issued an Order on Plaintiff's Motion for Summary Judgment as to Damages (hereinafter "*Order*"). The Order informed the parties that the Court intended to grant summary judgment in favor of Bank of America ("BOA") but that it was not issuing a recommended ruling at the time because supplemental information was needed. *Order* at 13. The Court gave BOA the opportunity to supplement the record with evidence that the billing rates requested comported with those prevailing in the community. *Id.* Mr. Klein was given the opportunity to respond. *Id.* at 13-14. BOA has now filed a Supplemental Submission Regarding Billing Rates [Doc. # 218] to which Mr. Klein has responded [Doc. # 221].

Initially, the Court incorporates by reference its Order of October 22, 2012, in its entirety. As set forth therein, the Court found no genuine issue of material fact as to the following damages: (a) $256,365.28 (the Agrippa Debt less the Sale Proceeds); (b) interest in the total amount of $120,904.67; and (c) costs in the amount of $22,756.00, for the placement of forced insurance. *Order* at 7. The only issue remaining was the amount of reasonable attorneys' fees to

1

be awarded to BOA pursuant to the terms of the Guaranty.

Applying New York law, the Court held that the attorneys' fees should be determined by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Order* at 8. Although Mr. Klein vigorously opposed the reasonableness of the number of hours as excessive, duplicative, and pertaining to matters other than enforcement of the Guaranty, the Court found that he had failed to raise a genuine issue of material fact as to the reasonableness of the hours requested. *Order* at 9-12.

In addition to the detailed invoices previously submitted, BOA has now submitted affidavits from five attorneys, three in Connecticut, one in Delaware, and one in New York, as to the reasonableness of the hourly rates requested. Mr. Klein has not filed any affidavits challenging the requested rates. Instead, he has responded that, "[w]hile I am not specifically claiming that the billing rates of the individual attorneys are not customary or are unusual, I do not believe that they are all related to the enforcement of the consumer guaranty as required under its terms. . . ." *Decl. of Samuel Klein* at 1 [Doc. # 221]. Mr. Klein's arguments mirror those previously made and rejected by the Court.

Accordingly, the Court finds that there are no genuine issues of material fact as to the reasonableness of the number of hours expended by BOA's counsel as well as to the reasonableness of the rates requested. The Court finds that attorneys' fees, costs, and expenses requested by BOA in the amount of $660,166.51[1] are reasonable and were incurred in connection with the enforcement of the Guaranty. Thus, the Court recommends granting summary judgment

---

[1] This represents the total fees, costs and expenses sought ($682,922.51) less the cost of the insurance ($22,756.00), which the Court had previously determined should be awarded as damages. *Order* at 7.

in favor of BOA and awarding total damages in the amount of $1,060,192.40.[2]

This is a recommended ruling.  Either party may seek the District Court's review of this Recommended Ruling by filing a written objection within fourteen (14) days after service of this ruling.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); D. Conn. L. Civ. R. 72.2(a) for Mag. Judges.

SO ORDERED, this   14th   day of February, 2013, at Bridgeport, Connecticut.

       /s/ *William I. Garfinkel*
      WILLIAM I. GARFINKEL
      United States Magistrate Judge

---

[2] *See Order* at 4, n. 3 for an explanation of the discrepancy of six cents.