UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BANK OF AMERICA, N.A.,
    *Plaintiff,*
    *v.*
SAMUEL KLEIN,
    *Defendant.*

Civil No. 3:10cv987 (JBA)

March 27, 2013

**RULING ON MOTION FOR SUMMARY JUDGMENT AS TO DAMAGES AND ON OBJECTION TO RECOMMENDED RULING**

On February 14, 2013, Magistrate Judge Garfinkel issued a Recommended Ruling [Doc. # 223] ("Rec. Ruling"), granting Plaintiff Bank of America, N.A.'s ("Bank of America") Motion [Doc. # 184] for Summary Judgment as to Damages. On February 28, 2013, Defendant Samuel Klein filed a timely objection [Doc. # 244] to the Recommended Ruling, claiming that: (1) Magistrate Judge Garfinkel failed to make a finding that all the claimed attorneys' fees were incurred in connection with the enforcement of the guaranty; (2) there is insufficient evidence in the record to support such a finding; and (3) Defendant is entitled to an evidentiary hearing on the reasonableness of the attorneys' fees under New York Law. (*See* Def.'s Obj. at 1.) For the reasons that follow, Defendant's objection is overruled, and the Recommended Ruling will be adopted in full.

**I.    Background**

The factual and procedural background of this actions are presented in detail on pages two through four of Magistrate Judge Garfinkel's October 22, 2012 Order [Doc. # 203], which are incorporated by reference herein. Briefly, Plaintiff brought this suit for breach of contract against Defendant to recover for Defendant's alleged default under a Consumer Guaranty ("the Agrippa Guaranty") Plaintiff executed in favor of Defendant's predecessor in interest in connection with financing received by Agrippa, LLC

("Agrippa"). Defendant's liability under the Agrippa Guaranty has been previously determined, and the only issue currently pending before the Court is Plaintiff's motion for summary judgment as to damages, including reasonable attorneys' fees. On October 22, 2012, Magistrate Judge Garfinkel issued an Order informing the parties that he intended to grant summary judgment in favor of Plaintiff, and provided the parties an opportunity to supplement the record regarding the reasonableness of Plaintiff's requested billing rates. (*See* Oct. 22, 2012 Order at 13–14.) After such supplementation was completed, on February 14, 2013, Magistrate Judge Garfinkel issued a Recommended Ruling finding there were "no genuine issues of material fact as to the reasonableness of the number of hours expended by [Plaintiff's] counsel as well as to the reasonableness of the rates requested." (Rec. Ruling at 2.) Magistrate Judge Garfinkel further recommended that damages in the amount of $1,060,192.40[1] be entered in favor of Plaintiff. (*Id.* at 3.)

## II.  Discussion

Defendant objects to the Recommended Ruling on three grounds:  1) that Magistrate Judge Garfinkel failed to make a finding that all the claimed attorneys' fees were incurred in connection with the enforcement of the guaranty; (2) that there is insufficient evidence in the record to support such a finding; and (3) that Defendant is

---

[1] This amount reflects (a) $256,365.28 for the Agrippa debt less the sale proceeds of the collateral; (b) $120,904.67 in interest; (c) $22,756.00 in costs for the placement of forced insurance; and (d) $660,166.51 in attorneys' fees incurred in connection with the enforcement of the Agrippa Guaranty.  Plaintiff conceded that there was a six–cent discrepancy in the amount of recovery it initially sought, and has stated that it has waived recovery of the additional six cents. (*See* Oct. 22, 2012 Order at 4 n.3.)

entitled to an evidentiary hearing on the reasonableness of the attorneys' fees under New York Law.  (*See* Def.'s Obj. at 1.)[2]

### A.     Magistrate Judge Garfinkel's Findings

Defendant's first objection to the Recommended Ruling is that Magistrate Judge Garfinkel failed to make a finding that the fees requested by Plaintiff were incurred "in connection with" the enforcement of the Agrippa Guaranty.  In so arguing, Defendant cites to one sentence from Magistrate Judge Garfinkel's October 22, 2012 order: "Accordingly, if any of the complained of 'different matters' relate to, or are otherwise associated with the enforcement of the [Agrippa] Guaranty, then [Plaintiff] may recover its attorneys' fees incurred for such matters."  (Oct. 22, 2012 Order at 12.)  However, Defendant's focus on this sentence misconstrues Magistrate Judge Garfinkel's reasoning in the October 22, 2012 Order and ignores his findings in the Recommended Ruling, which is the relevant order for the purposes of Defendant's objections.  In the Recommended Ruling, Magistrate Judge Garfinkel expressly found that the Plaintiff's attorneys' fees were recoverable under the terms of the Agrippa Guaranty:  "The Court finds that attorneys' fees, costs, and expenses requested by [Plaintiff] in the amount of $660,166.51 are reasonable and were incurred in connection with the enforcement of the [Agrippa] Guaranty."  (Rec. Ruling at 2.)  Furthermore, in the October 22, 2012 Ruling, Magistrate Judge Garfinkel stated:

> Mr. Klein argues that the attorneys' fees [Plaintiff] seeks to recover were not all incurred in connection with the enforcement of the [Agrippa]

---

[2] Defendant does not object to Magistrate Judge Garfinkel's finding that Plaintiff is entitled to the following damages:  (a) $256,365 for the Agrippa Debt less the Sale Proceeds; (b) interest in the total amount of $120,904.67; and (c) costs in the amount of $22,756.00 for the placement of forced insurance.  Thus, the Court adopts Magistrate Judge Garfinkel's findings as to these amounts.

> Guaranty. For this reason, Mr. Klein maintains that an issue of material fact exists to prevent summary judgment in favor of [Plaintiff]. Specifically, Mr. Klein takes issue with attorneys' fees [Plaintiff] seeks for, *inter alia*, tasks relating to discovery and to Mr. Klein's counterclaim. Mr. Klein additionally asserts that [Plaintiff] seeks attorneys' fees for "different matters" involving "different parties," which are not recoverable under the language of the [Agrippa] Guaranty. The Court disagrees with Mr. Klein that an issue of material fact exists in this regard. . . . Moreover, Mr. Klein's argument that attorneys' fees incurred by [Plaintiff] for "different matters" involving "different parties" are not recoverable under the language of the [Agrippa] Guaranty is misplaced.

(Rec. Ruling at 11 (internal citations omitted).) The sentence that Defendant quotes merely illustrates Magistrate Judge Garfinkel's reasoning in rejecting Defendant's claim that the fees sought to be recovered were not incurred in connection with the enforcement of the Agrippa Guaranty. As the language of the Recommended Ruling clearly establishes, Magistrate Judge Garfinkel did make an express finding that the fees are recoverable under the Agrippa Guaranty (*see id.* at 2), and therefore Defendant's objection on the ground that the Recommended Ruling lacked such a finding is overruled.

        **B.**        **Reasonable Fees Incurred**

Defendant also objects to the Recommended Ruling on the basis that there remains a genuine issue of material fact as to whether the fees Plaintiff seeks to recover were reasonable in that they were recoverable under the terms of the Agrippa Guaranty. Specifically, Defendant asserts that Defendant's fees that were incurred defending against his counterclaims in this suit, or in recovering the underlying debt that the Agrippa Guaranty secured in separate suits are not recoverable in this action. Based on a de novo

review of the record,[3] however, the Court concludes that all of the fees sought by Plaintiff were incurred "in connection with" the enforcement of the Agrippa Guaranty, and that there is no genuine question of material fact as to the reasonableness of the attorneys' fees requested by Plaintiff.

Under the Agrippa Guaranty, Defendant agreed to pay all of Plaintiff's reasonable attorneys' fees. The Agrippa Guaranty provides:

> I agree to pay all of Lender's costs and expenses, including Lender's reasonable attorneys' fees and Lender's legal expenses, *incurred in connection with the enforcement of this Guaranty.* Lender may hire or pay someone else to help enforce this Guaranty, and I shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's reasonable attorneys' fees and legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post–judgment collection services. I shall also pay all court costs, in addition to all other sums provided by law. This Guaranty also secures all of these amounts.

---

[3] Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.2(b), the portions of the Magistrate Judge's decision objected to by Defendant are reviewed de novo, and any part or the entirety of the Recommended Ruling may be adopted, rejected, or modified.

"Summary judgment is appropriate where, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought," *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, the Court may consider depositions, documents, affidavits, interrogatory answers, and other exhibits in the record. Fed. R. Civ. P. 56(c).

(Agrippa Guaranty, Ex. B to Compl. [Doc. # 1] at 2 (emphasis added).)   Defendant disputes that the fees sought to be recovered in this action were incurred "in connection with" the enforcement of the Agrippa Guaranty.  Under New York law,[4] a court must give force to the clear and unambiguous terms of a contract, and the question of "[w]hether an ambiguity exists in a written agreement is a question of law for a court to decide after reading the document as a whole to determine its purpose and intent." *Zinter Handling, Inc. v. General Elec. Co.*, 956 N.Y.S.2d 626, 629 (N.Y. App. Div. 2012) (internal quotations and citation omitted).  "An ambiguity will be found only where reasonable minds could differ as to what was intended by the parties."  *Id.*

New York courts have noted that the terms "related to" and "in connection with" are equivalent and have a broad meaning.  *See Allied Irish Banks, p.l.c. v. Bank of America, N.A.*, 875 F. Supp. 2d 352, 356–57 (S.D.N.Y. 2012) (citing *Tufino v. N.Y. Hotel & Motel Trades Council & Hotel Ass'ns of the N.Y.C. AFL–CIO Local 6*, 646 N.Y.S.2d 799 (N.Y. App. Div. 1996); *see also Coregis Ins. Co. v. American Health Foundation*, 241 F.3d 123, 128–29 (2d. Cir. 2001) (noting that "related to" and "in connection with" are equivalent and have a broader meaning than "arise from").  While Defendant points to the later language in the Agrippa Guaranty defining "costs and expenses" as somehow limiting the

---

[4] The Agrippa Guaranty contains a New York choice-of-law clause.  (*See* Agrippa Guaranty at 2 ("This Guaranty will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of New York without regard to its conflicts of law provisions.  This Guaranty has been accepted by the Lender in the State of New York.").)  "A federal court sitting in diversity jurisdiction applies the choice of law rules of the forum state."  *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012).  "Contracts clauses which require the application of the laws of other states upon breach or dispute are recognized as proper in Connecticut."  *Zenon v. R.E. Yeagher Management Corp.*, 57 Conn. App. 316, 322 (2000).  Thus, the Court applies New York law in considering Defendant's objections.

earlier sentence which states that Defendant is responsible for all "costs and expenses, including Lender's reasonable attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty" (Agrippa Guaranty at 2), under New York law the term "in connection with" is meant to have a broad meaning.  Thus, the Court finds that the meaning of the term "in connection with" is unambiguous and that if any of the matters for which Plaintiff seeks to recover attorneys' fees was somehow related to or connected with the enforcement of the Agrippa Guaranty, such fees are properly recoverable in this action.

In his opposition to Plaintiff's motion for summary judgment, his supplemental response to the October 22, 2012 Order and his objection to the Recommended Ruling, Defendant has argued generally that the fees incurred to defend his counterclaims and to establish the underlying debt on the Agrippa Note were not incurred "in connection with" the enforcement of the Guaranty.  Defendant's counterclaims all related to allegations regarding Plaintiff's actions in declaring the PLC Note, the Agrippa Note, and the Agrippa Guaranty in default. (*See* Counterclaim [Doc. # 19].)  Because the note defaults formed the basis for Plaintiff's breach of guaranty claim, the defense of these counterclaims necessarily impacted Plaintiff's efforts to enforce the Agrippa Guaranty, and thus any fees incurred defending these counterclaims were incurred "in connection with" the enforcement of the Guaranty. *See Resolution Trust Corp. v. Feldman*, 3 F.3d 5, 10–11 (1st Cir. 1993) (holding that attorneys' fees incurred in defense of counterclaims in a suit to enforce a guaranty were incurred "in connection with" that guaranty). *Cf. Phoenixcor, Inc. v. Pnini*, 2005 WL 2063829, at *3 (S.D.N.Y. Aug. 26, 2005) (awarding fees incurred litigating dismissed claims under a guaranty providing for all attorneys' fees incurred in connection with enforcement of the guaranty based on the reasoning that

"none of the fees would have been incurred had [defendant] complied with his contractual obligations in the first instance").

Similarly, the fees Plaintiff incurred to establish the default on the Agrippa Note and to recover the collateral securing that note and the Agrippa Guaranty were incurred "in connection with" the enforcement of the Agrippa Guaranty. Defendant has repeatedly argued that Plaintiff's claimed fees are facially unreasonable because Plaintiff is requesting nearly $700,000 to recover a roughly $250,000 deficiency judgment. (Def.'s Obj. to Rec. Ruling at 11.) However, this mischaracterizes the nature of the action. Pursuant to the Agrippa Guaranty, Defendant guaranteed the $3,200,000 Agrippa Note, and the parties eventually stipulated that as of the filing of Agrippa's bankruptcy petition Agrippa owed $3,156,365.28 on that note. Through the various New York actions, Plaintiffs were able to recover $2,900,000 in collateral that secured the note, thereby substantially reducing the deficiency at issue in this action. Thus, Plaintiff incurred $700,000 in fees to establish Defendant's default on a $3,200,000 guaranty and to recover $2,900,000 in collateral and the roughly $250,000 in principal outstanding after the disposition of that collateral. These fees are not as wildly disproportionate as Defendant attempts to portray them. The note default formed the basis for Defendant's default under the Agrippa Guaranty and therefore actions to pursue collateral securing the Agrippa Note were related to the enforcement of the Agrippa Guaranty. Thus the fees incurred in the New York State Proceedings, the New York Federal Proceedings and the New York Bankruptcy proceedings were incurred "in connection with" the enforcement of the Agrippa Guaranty and are recoverable in this action.[5]

---

[5] The Agrippa Guaranty also states that "[i]f [Agrippa] is in default under any agreement between [Agrippa] and Lender, Lender may collect the amounts owed by

To the extent that Defendant objected to specific entries in his supplemental response to the October 22, 2012 Order and in his objection to the Recommended Ruling, Plaintiff has sufficiently addressed each of these objections in the Frechette Declaration attached to its response to Defendant's objection.  (*See* Frechette Decl. [Doc. # 255-3].) The majority of the entries to which Defendant objects were incurred in the New York actions to recover the collateral securing the Agrippa Note (*see id.* ¶ 13), and therefore were incurred "in connection with" the enforcement of the Agrippa Guaranty.  The three entries referring to litigation in Wyoming represent coordination by counsel across several districts to ensure the proper timing in declaring default on the various notes and guarantees at issue in the litigation between Agrippa, PLC, Klein and Bank of America. (*See id.* ¶¶ 9–12.)   The remaining entries to which Defendant objects, including the *Sentient Flight v. Klein*, *New Alliance*, and *Choice Hotels v. PLC* matters, arose out of Plaintiff's investigations of alternate theories of default under the Agrippa Guaranty.  (*See id.* ¶¶ 14–15.)

Defendant relies on the Cassone Declaration to rebut Plaintiff's characterization of these fees, arguing that because Defendant was not in default under the Agrippa Guaranty at the time these fees were incurred, and because theoretically he may never have been in default under these theories, the attorneys' fee provision in the Agrippa Guaranty could not have been triggered.  (*See* Cassone Decl. [Doc. # 227] ¶¶ 6–7.) However, Defendant's counterfactual is to no avail—the default on the underlying notes

---

[Agrippa] directly from me." (*Id.* at 1.)  Under the terms of the Agrippa Note, which was backed by the Agrippa Guaranty, Agrippa was obligated to pay "all costs and expenses Lender incurs to collect this Note . . . includ[ing] . . . Lender's reasonable attorneys' fees and Lender's legal expenses."  (Agrippa Note, Ex. A to Compl. at 2.)  Because these fees were also incurred to collect on the Agrippa Note, they are recoverable under the terms of the Agrippa Note and by extension, under the terms of the Agrippa Guaranty as well.

was the predicate to Defendant's default under the Agrippa Guaranty and actions taken to coordinate litigation across multiple fora to establish that default are necessarily related to the enforcement of the Agrippa Guaranty.  Similarly research conducted to establish alternate theories of default, in support of an action for breach of guaranty would also be related to enforcement of a guaranty.  Therefore, the Court concludes that these fees were incurred "in connection with" the enforcement of the Agrippa Guaranty.

Defendant's objection to the Recommended Ruling on the basis that the attorneys' fees sought to be recovered were not incurred "in connection with" the enforcement of the Agrippa Guaranty is overruled.

### C. Evidentiary Hearing

The sole basis for Defendant's objection to the Recommended Ruling is that the requested fees were not incurred "in connection with" the enforcement of the Agrippa Declaration.  Defendant has renewed this argument three times during the proceedings, in his opposition to Plaintiff's Motion for Summary Judgment, in his supplemental response to the October 22, 2012 Order, and in his objection to the Recommended Ruling.  Furthermore, Defendant had a fourth opportunity to raise an issue of fact with the Court pursuant to the March 20, 2013 Order [Doc. # 226], which informed the parties that the Court would consider the Frechette Declaration and afforded Defendant a chance to rebut Plaintiff's supplemental evidence as to the reasonableness of the attorneys' fees requested.  However, at each stage of this action, Defendant has failed to offer evidence that rebuts Plaintiff's evidence of the value of the requested fees and that would raise a genuine issue of material fact as to whether Plaintiff's requested attorneys' fees are reasonable and were incurred in connection with the enforcement of the Agrippa Guaranty.

Under New York law, "[w]hile a hearing is not required in all circumstances, 'the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered.'" *SO/Bluestar, LLC v. Canarsie Hotel Corp.*, 825 N.Y.S.2d 80, 82 (N.Y. App. Div. 2006) (quoting *Bankers Fed. Sav. Bank v. Off W. Broadway Developers*, 638 N.Y.S.2d 72 (N.Y. App. Div. 1996)).  Here, Plaintiff has submitted contemporaneous billing records for the legal work performed, with descriptions of the work performed, the time to complete each task, and the hourly rate at which each task was performed, in addition to a declaration from Donald E. Frechette in support of these records.  (*See* June 4, 2012 Frechette Decl. and Exhibits [Doc. # 184-5].) Plaintiff has further submitted multiple affidavits in support of the reasonableness of the hourly rate charged (*see, e.g.*, Baldwin Decl. [Doc. # 218-1]; Byrne Decl. [Doc. #218-11]; D. Brown Decl. [Doc. # 218-6]; S. Brown Decl. [Doc. # 218-16]; Kurzweil Decl. [Doc. # 218-20]), to which Defendant does not object (*see* Klein Decl. [Doc. # 221-1] at 1 ("I am not specifically claiming that the billing rates of the individual attorneys are not customary or are unusual.")).  The Court thus has sufficient evidence before it to determine the reasonable value of the claimed fees.  Because Defendant has had multiple opportunities at several different stages in the proceeding to advance his arguments and to supplement the record, and because the Court concludes that there are no outstanding genuine issues of material fact as to the reasonableness of the fees requested, a hearing is not required.

### III.    Conclusion

For the foregoing reasons, Plaintiff's Motion [Doc. # 184] for Summary Judgment as to Damages is GRANTED, and the Recommended Ruling [Doc. # 223] is ADOPTED

in full.  The Clerk is directed to enter judgment in favor of Defendant in the amount of $1,060,192.40 and to close this case.

                                        IT IS SO ORDERED.

                                        /s/  
                                      Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of March, 2013.